UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WILLIAM I. BAUSLEY and,
GWEN BAUSLEY, his wife,

              Plaintiffs,

v.                              Civil Action No. 2:19-cv-00702

BIOMET, INC.; BIOMET
ORTHOPEDICS, LLC; AND
BIOMET U.S. RECONSTRUCTION, LLC,

              Defendants.


MEMORANDUM OPINION AND ORDER


        Pending is defendants' Motion to Enforce Settlement
(ECF 90), filed August 27, 2021.  Plaintiffs' counsel responded
(ECF 94) on September 2, 2021, noting counsel had no basis to
oppose the motion.

        On September 15, 2021, the court held an evidentiary
hearing on the motion, at which Mr. Bausley and his counsel
Joseph H. Saunders and Troy N. Giatras appeared in person.
Counsel Erik W. Legg appeared in person and counsel Matthew
Albaugh appeared telephonically on behalf of the defendants.
The court heard testimony from Mr. Bausley and Joshua Busch, an
attorney with Mr. Albaugh's firm, who was directly involved in

the settlement negotiations and submitted an affidavit in
support of the motion to enforce settlement.

## I. Background

On May 30, 2018, plaintiffs[1] instituted this action
directly into MDL 2931, In re: Biomet M2a Magnum Hip Implant
Products Liability Litigation, Civil Action No. 3:13-00402, in
the District Court for the Northern District of Indiana. See
ECF 1, ECF 9. The action arises from alleged injuries sustained
by Mr. Bausley "as the result of being implanted with bilateral
defective metal-on-metal Biomet M2a Magnum Hip Systems, which
were designed, manufactured, marketed and sold by the Defendants
or their predecessors." ECF 9, ¶ 1.

On September 6, 2018, the action was remanded to this
court. See ECF 17. On April 7, 2021, the parties notified the
court that a settlement had been reached and moved for a stay of
the proceedings pending the return of the settlement agreement
and dismissal of the case. See ECF 83. The court extended the
schedule and ordered dismissal by June 7, 2021. See ECF 84. On
June 4, 2021, the parties jointly moved for another stay of the

---

[1] Although the case-style lists two plaintiffs, Mr. and Mrs.
Bausley, -- whom are husband and wife -- Mrs. Bausley passed
away in 2018. The plaintiffs will thus be referenced as "Mr.
Bausley" hereinafter.

schedule, again noting they had agreed on the terms of settlement, which required payment no later than July 31, 2021. See ECF 85.  The parties also requested that the deadline to file a stipulation of dismissal be extended sixty-days given that the defendants' settlement payment processing was set to conclude at the end of July 2021.  See id.  The parties further stated that they intended to submit a stipulation or agreed order of dismissal once payment was made, and the release was received. See id.  On June 8, 2021, the court again extended the schedule and ordered dismissal no later than August 6, 2021. See ECF 86.

On August 6, 2021, -- the day the dismissal order was due -- Mr. Bausley moved for an extension or stay of the schedule.  See ECF 87.  Mr. Bausley's counsel explained no dismissal order had been filed inasmuch as Mr. Bausley had expressed reservations to his counsel regarding some of the release's terms.  See id.  Mr. Bausley's counsel stated they expected resolution of the reservations and noted the defendants did not oppose the motion.  See id.  On August 8, 2021, the court extended the three dates in the schedule regarding expert disclosures and ordered dismissal no later than August 20, 2021. See ECF 88.

A stipulation or agreed order of dismissal from the parties was never received.  On August 27, 2021, the defendants filed the instant motion contending the parties had reached an enforceable settlement and agreed to its terms but noting that Mr. Bausley had not returned the executed release nor consented to dismissal after numerous extensions.  See ECF 91.  The defendants thus request entry of an order compelling Mr. Bausley to sign and return the release within seven days and dismissing the case with prejudice within twenty-eight days.  See id.  The court ordered that a hearing be held on the motion on September 15, 2021, and directed Mr. Bausley to respond to the motion.  See ECF 93.  On September 2, 2021, Mr. Bausley's counsel responded they had no basis to oppose the motion, noting they had not received the signed release from their client nor the authority to dismiss the case.  See ECF 94.  The response appeared to indicate Mr. Bausley had concerns regarding his counsels' fees and costs.  See id.

At the hearing, it became clear from Mr. Bausley's testimony that he had no issues with respect to the attorneys' fees and costs to be paid from the settlement.  Instead, it became apparent that Mr. Bausley had not executed the release because he believed his agreement to settle "his case," as reflected in his counsel's confirming email to him, did not

encompass both his right and left hips.[2]  The primary question for the court is thus whether the complaint filed in this action encompassed both of Mr. Bausley's right and left hips.

## II.  Findings of Fact

The following findings are made by a preponderance of the evidence.

Mr. Bausley instituted this action on May 29, 2018. See ECF 1.  On June 5, 2018, the complaint was amended.  See ECF. 9.  The amended complaint alleges as follows.  On January 27, 2009, and January 12, 2010, respectively, Mr. Bausley underwent right and left total hip replacements "for degenerative osteoarthritis" and was implanted with "Biomet metal-on-metal 58mm M2a" Magnum Hip Systems on each side.  See id., ¶¶ 42, 44, 92.  The complaint further alleges that the Biomet Magnum Hip Systems were defectively designed, manufactured, and marketed.  See id., ¶ 1.

---

[2] Mr. Bausley received right and left hip implants of the same design, which he alleges are defective.  At the time the action was instituted, however, only the right hip had failed, resulting in a surgical revision thereof.  At the hearing, Mr. Bausley testified that his left hip is now beginning to fail, which will require revision surgery.  He maintained that he was not aware that his case encompassed both of his right and his left hips.

The action arises from alleged injuries sustained by Mr. Bausley "as a result of being implanted with bilateral defective metal-on-metal Biomet Hip Systems, which were designed, manufactured, marketed and sold by the Defendants or their predecessors." See id. (Emphasis added). At the time the complaint was filed, only Mr. Bausley's right hip had failed, resulting in a right hip revision surgery on November 8, 2016. See id., ¶¶ 46-51.  Nonetheless, the complaint alleged the identical Magnum Hip Systems implanted into both of Mr. Bausley's right and left hips were defective.  See id., ¶¶ 55-59.

As a result of these allegations, Mr. Bausley asserts the following claims regarding the Magnum Hip Systems implanted into his right and left hips: (1) strict liability for defective design; (2) strict liability for manufacturing defect; (3) strict liability for failure to warn; (4) negligence; (5) negligent misrepresentation; (6) fraudulent misrepresentation; and (7) loss of consortium as to Mrs. Bausley.  See id., ¶¶ 60-112.  Based upon the allegations contained in the complaint, the court finds that the complaint encompassed both of Mr. Bausley's hips.

Mr. Bausley's fact sheet filed with the MDL and his responses to defendants' interrogatories further demonstrate

6

that his case covered both of his hips.  As to the MDL fact sheet, dated July 27, 2018, under the heading entitled "Core Information," Mr. Bausley is asked which side of the body has been implanted with a M2A device: the right side, left side, or both.  <u>See</u> ECF 101-5, Ex. 4 at 3.  The "both" box is checked. <u>See</u> <u>id.</u>  The fact sheet goes on to provide the product codes for each of the devices implanted on Mr. Bausley's right and left sides and notes that he received revision surgery on his right hip and may need revision surgery on his left hip in the future. <u>See</u> <u>id.</u> at 3, 21.  The MDL fact sheet is personally signed and dated by Mr. Bausley.  <u>See</u> <u>id.</u> at 26.

As to his June 2019 responses to interrogatories, Mr. Bausley references both of his hips in his responses to interrogatories three and fourteen.  <u>See</u> ECF 101-3, Ex. 2 at 3, 9-10.  When asked in interrogatory three to describe in detail each element of all damages and injuries incurred by him as a result of the products and/or the events described in the complaint, Mr. Bausley provided an itemization of his past medical expenses resulting from his right revision surgery and estimates his future medical expenses as "$1 million . . .[s]ince [his] metal levels were still extremely high after [his] right revision surgery . . . [he] will probably need

revision of [his] left Magnum Hip sooner than later." See id.
at 3.

In his response to interrogatory fourteen, Mr. Bausley
notes that "Biomet's Magnum metal-on-metal hips that were
implanted into [him] created an unreasonable risk of severe
injury due to metallosis, metal toxicity and complete failure of
[his] right hip, requiring the need for hip revision surgery."
Id. at 9 (emphasis added).  Mr. Bausley's response further
provides that "[e]ven a month after [his] right hip was removed
and exchanged, [his] metal levels were Co 60.5, Cr 33.6, which
is still incredibly high and toxic, which suggests that [his]
left hip will require removal and revision in the future and
severe damage to [his] left hip will be discovered."  Id. at 10.
The document is personally signed by Mr. Bausley and was
electronically served upon counsel for the defendants on April
7, 2020.  See id. at 14, 22.  The court further notes that both
hips were referenced during Mr. Bausley's June 17, 2019,
deposition.  See ECF 101-4, Def. Ex. 3 at 30, 46, 58, 59, 61-63,
87.

On March 7, 2021, Mr. Bausley agreed to settle his
case for $285,000, which the court finds to encompass both hips
as discussed above, in a telephone conversation with his

counsel, Mr. Saunders.  <u>See</u> ECF 101-1, Ex. 1.[3]  This agreement
was memorialized in a contemporaneous email sent that same date
from Mr. Saunders to Mr. Bausley, which Mr. Bausley testified he
received.  <u>See</u> <u>id.</u>  On March 8, 2021, Mr. Saunders and counsel

---

[3] At the hearing, defense counsel requested that the total
settlement amount be redacted from any transcript that was
produced and to be held confidential.  The court noted that the
settlement amount was a part of the adjudicatory process and
reserved its ruling on the transcript's redaction but noted it
would retain the confidentiality of the settlement in the
interim.  In order to retain the settlement's confidentiality,
the court provisionally sealed Plaintiff's Exhibit 1 (ECF 101-
1), which set forth the unredacted amount of the parties'
settlement on page one.  Inasmuch as Plaintiff's Exhibit 1 is
central to the court's decision in this matter, the court
concludes a wholesale seal of the same would not comport with
the strong presumption of public access thereto.  <u>See</u> <u>Ashcraft</u>
<u>v. Conoco, Inc.</u>, 218 F.3d 288, 302 (4th Cir. 2000) (noting
"while a district court has supervisory power of its own records
and may, in its discretion, seal documents if the public's right
of access is outweighed by competing interest, the presumption
in such cases favors public access.") (internal quotations
omitted); <u>see</u> <u>also</u> <u>Columbus-America Discovery Group v. Atlantic</u>
<u>Mut. Ins. Co.</u>, 203 F.3d 291, 303 (4th Cir. 2000) (noting
"[p]ublicity of [court] . . . records . . . is necessary in the
long run so that the public can judge the product of the courts
in a given case.").  The court therefore DIRECTS that
Plaintiff's Exhibit 1 be UNSEALED.  The court recognizes that
the unsealing of the Exhibit will result in the amount of the
settlement being spread on the public record.  But like the
entirety of Exhibit 1, the agreed settlement amount referenced
therein is a part of the basis for the court's adjudication of
this matter given that the court is tasked with determining
whether to enforce the settlement.  The terms of the settlement,
including its amount, will thus "become a part of the judicial
record as a matter of necessity."  <u>Hill v. Kenworth Truck Co.</u>,
Civil Action No. 2:07-0223, 2008 WL 4058426, at *4 (S.D.W. Va.
Aug. 26, 2008); <u>see</u> <u>also</u> <u>Pansay v. Borough of Stroudsburg</u>, 23
F.3d 772, 781 (3d Cir. 1994) (holding that when a settlement
agreement is <u>not</u> filed with, interpreted by, or <u>enforced</u> <u>by</u> a
court, it is not a judicial record presumed to be accessible)
(emphasis added).

for the defendants confirmed the material terms of the
settlement in writing via email.  See ECF 101-2, Def. Ex. 1 at
3.  The material terms provided that the parties agreed "to
settle the Bausley case (both hips)" for the amount specified
above "conditioned on payment no later than July 30."  Id.; see
also ECF 101-1, Ex. 1 at 1.  On April 9, 2021, after having so
agreed, Mr. Bausley sought to withdraw from the settlement, as
evidenced by Mr. Saunders' paralegal's memorandum noting that
Mr. Bausley was "having second thoughts about signing" the
release due to his concerns regarding the failure of his left
hip.  See ECF 101-1 at 2.

"[T]o exercise its inherent power to enforce a
settlement agreement, a district court (1) must find that the
parties reached a complete agreement and (2) must be able to
determine its terms and conditions."  Hensley v. Alcon
Laboratories, Inc., 277 F.3d 535, 540-41 (4th Cir. 2002).
"Thus, if an agreement for complete settlement of the underlying
litigation, or part of it, has been reached and its terms and
conditions can be determined, the court may enforce the
agreement summarily as long as the excuse for nonperformance of
the agreement is comparatively insubstantial."  Id. at 540
(internal quotations omitted).  "'[H]aving second thoughts about
the results of a valid settlement agreement does not justify

setting aside an otherwise valid agreement.'" Id. (quoting Young v. FDIC, 103 F.3d 1180, 1195 (4th Cir. 1997)).

Based upon the findings herein, the court concludes that -- as evidenced by the parties' email communications as previously discussed -- the parties reached a complete and valid agreement, of which the material terms and conditions are plainly ascertainable as set forth above.  To the extent Mr. Bausley had second thoughts as to the settlements' results, such thoughts are insufficient to render the agreement unenforceable. See Hensley, 277 F.3d at 540.

It is therefore ORDERED that defendants' motion to enforce settlement (ECF 90) is GRANTED.  It is further ORDERED that Mr. Bausley is DIRECTED to sign the settlement agreement and/or release and return the same to his counsel no later than ten days after the entry of this memorandum opinion and order. Mr. Bausley's counsel is DIRECTED to hold the signed settlement agreement and/or release and advise the court of its receipt and of the proposed distribution of the proceeds subject to the further order of the court.  The schedule as set forth in the court's August 30, 2021, order (ECF 93) is STAYED pending further order of the court.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: October 28, 2021

John T. Copenhaver, Jr.
Senior United States District Judge