```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**WILLIAM I. BAUSLEY and,**
**GWEN BAUSLEY, his wife,**

      Plaintiffs,

v.                                    Civil Action No. 2:19-cv-00702

**BIOMET, INC.; BIOMET**
**ORTHOPEDICS, LLC; AND**
**BIOMET U.S. RECONSTRUCTION, LLC,**

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Following the September 15, 2021, evidentiary hearing on defendants' motion to enforce settlement, the court entered a memorandum opinion and order granting the motion on October 28, 2021.  <u>See</u> ECF 104.  The defendants' request for an award of their attorneys' fees and costs incurred in connection with enforcing the settlement agreement, contained within their reply brief regarding their motion to enforce settlement, remains pending.  <u>See</u> ECF 95.

                    I.   Background

The court incorporates by reference the detailed factual background respecting this matter set forth in its October 28, 2021, opinion.  <u>See</u> ECF 104.  At the September 15,

2021, evidentiary hearing, the defendants renewed their request for attorneys' fees and costs and were directed by the court to submit supplemental briefing on the issue. The defendants' supplemental briefing on the court's authority to impose sanctions on plaintiff[1] (ECF 103) was filed on September 29, 2021.

In its briefing, defendants contend that Mr. Bausley's refusal to sign the release or authorize his counsel to dismiss this action constitutes bad faith conduct warranting invocation of the court's inherent power to issue sanctions. See ECF 103 at 3. The defendants further contend that Mr. Bausley's conduct has prolonged this litigation, has interfered with the orderly and expeditious disposition of this case, and has led to extra costs and fees being expounded by the defendants. See id. The defendants thus request the court -- pursuant to its inherent powers -- to award defendants their "minimal costs and fees incurred solely in connection with enforcing the settlement agreement."[2] Id.

---

[1] Although the case-style lists two plaintiffs, Mr. and Mrs. Bausley, Mrs. Bausley passed away in 2018. Mr. Bausley is thus the sole remaining plaintiff herein.

[2] Despite this request, the defendants have not provided the court with an accounting of the minimal costs and fees incurred.

## II. Governing Standard

"Under the American rule, each party bears its own costs of litigation unless statutory authority exists for an award of attorneys' fees or an exception to the rule applies." Williams v. Professional Transp. Inc., 294 F.3d 607, 614 (4th Cir. 2002). "One exception to the rule allows a district court to assess attorneys' fees against a losing party when it has acted in bad faith, vexatiously, or wantonly." Id. (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 245-47 (1991). In other words, "under its inherent powers, the district court has the authority to shift attorneys fees, but . . . only in the extraordinary circumstances where bad faith or abuse can form a basis for doings so." Hensley, 277 F.3d at 543 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)).

## III. Discussion

The court concludes that Mr. Bausley's conduct does not amount to the bad faith necessary to justify an award of attorneys' fees. While Mr. Bausley failed to sign the release despite explanations from his counsel that a binding agreement had been reached, the court finds that such failure, without more, does not constitute extraordinary circumstances warranting a finding of bad faith. Furthermore, after the court granted

defendant's motion to enforce the settlement, the court directed Mr. Bausley to sign the agreement and/or release and return the same to his counsel within ten (10) days. Mr. Baulsey complied with the court's direction as evidenced by his counsel's notice of receipt of the signed settlement release filed on November 8, 2021. See ECF 105.

Accordingly, it is ORDERED that defendants' motion for sanctions in the form of attorneys' fees and costs incurred in connection with the motion to enforce settlement is DENIED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

                                      ENTER: November 23, 2021

                                      John T. Copenhaver, Jr.
                                      Senior United States District Judge